UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF RAYMOND J. GUZIEWICZ, et al. | : <br> : <br> : CIVIL ACTION NO.: 3:14-cv-01742 |
| Plaintiffs, | : <br> : |
| v. | : (CAPUTO, J.) <br> : (SAPORITO, M.J.) |
| RENEE P. MAGNOTTA, | : <br> : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This civil action was initiated by the filing of a *pro se* complaint against the defendant, Renee P. Magnotta ("Magnotta"), on September 8, 2014. (Doc. 1). The two named plaintiffs in the complaint are (a) the Estate of Raymond J. Guziewicz (the "Estate") and (b) his son, Steven J. Guziewicz, appearing both individually and in his role as administrator for the Estate.  Steven Guziewicz has asserted federal civil rights claims under U.S.C. §1983 and state law tort claims for malicious prosecution and abuse of process on behalf of the decedent, Raymond J. Guziewicz. On his own behalf, Steven Guziewicz has asserted a single state law tort claim for intentional infliction of emotional distress.

Before the court is a motion to dismiss (Doc. 25) filed by Magnotta

seeking to dismiss counts III through VI (state law tort claims) for failure to state a claim. The motion is fully briefed and ripe for disposition. (Docs. 26, 27).

I.   BACKGROUND

According to the complaint, on January 27, 2012, arrest warrants were issued for Raymond J. Guziewicz ("Raymond") and Steven J. Guziewicz ("Steven") at the request of Magnotta, an agent of the Office of the Attorney General of Pennsylvania assigned to the Bureau of Narcotics Investigation. (Doc. 1 ¶¶ 5,10). Magnotta is sued in her individual capacity. (Id. ¶6). On January 31, 2012, Raymond was arrested by the Scranton City Police Department on the authority of the arrest warrant. He was charged with fifty-two felonies and twenty-six misdemeanors under the Pennsylvania Crimes Code and Drug, Device, and Cosmetic Act. Raymond was incarcerated for four days until he posted bail on February 3, 2012. On September 6, 2012, all of the charges against Raymond were dismissed by the Commonwealth of Pennsylvania because his arrest lacked probable cause. (Id. ¶18).

Steven spent eighteen months in prison and was sentenced to time served on December 18, 2013, after pleading guilty to one felony count of acquiring a controlled substance. (Id. ¶22). Steven alleged that he was forced to plead guilty after three potential alibi witnesses had died before Steven's trial date of September 23, 2013. (Id.). In addition, it is alleged that Magnotta had a pattern of arresting Raymond and Steven since 2005 in order to extract guilty pleas from Steven notwithstanding a lack of probable cause to support the charges against Raymond. (Id., ¶¶ 23-24).

Magnotta moves to dismiss counts III-VI of the complaint on the basis that plaintiffs' state law claims are barred by the Eleventh Amendment of the United States Constitution and by statutory sovereign immunity.

II.   RULE 12 (b)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorized a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to

the plaintiff, a court finds the plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013) (quoting Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991); Johnsrud v. Carter, 620 F.2d 29, 32-33 (3d Cir. 1980); Holocheck v. Luzerne County Head Start, Inc., 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

III.  DISCUSSION

    A.  Eleventh Amendment

The Eleventh Amendment largely shields states from suit in federal court without their consent, leaving parties with claims against a state to present them, if the State permits, in the state's own tribunals. Hess v. Port Auth. Trans-Hudson Corp. 513 U.S. 30, 39 (1994).  The Pennsylvania legislature has expressly withheld its consent to be sued in federal court.  42 Pa. Cons. Stat. Ann. § 8521(b). Here, the plaintiffs did not name the Commonwealth of Pennsylvania or any of its agencies as defendants, nor did it name Magnotta in her official capacity. If the plaintiffs had, those defendants would be immune from suit under the Eleventh Amendment. But the plaintiffs have named Magnotta, in her individual capacity, as the only defendant. Thus, we find that Eleventh Amendment immunity does not apply in this case. See generally, Hater v. Melo, 502 U.S. 21, 31 (1991);  Scheuer v. Rhodes, 416 U.S. 232, 238 (1972).  However, our inquiry does not end there.

    B.  Sovereign Immunity

Magnotta maintains that the plaintiffs' state law claims

contained in Counts III-VI should be dismissed because they are barred by sovereign immunity provided in 1 Pa. Cons.Stat.Ann. § 2310.

> [T]he proper test to determine if a Commonwealth employee is protected from liability pursuant to 1 Pa. Cons. Stat. Ann. § 2310 and 42 Pa. Cons. Stat. Ann. § 8522 is to consider whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity.

Brautigam v. Fraley, 684 F. Supp. 2d 589, 593 (M.D. Pa. 2010) (quoting La Frankie v. Miklich, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992)) (alteration in original).

Statutory sovereign immunity "applies to Commonwealth employees in both their official and individual capacities, so long as the employees are 'acting within the scope of their duties.'" Id. (quoting Larsen v. State Emps.' Ret. Sys., 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008). "Conduct of an employee is within the scope of employment if 'it is of a kind and nature that the employee is employed to perform; [and] it occurs substantially within the authorized time and space limits . . . .'" Id. (quothing Velykis

v. Shannon, No. 1:06-cv-0124, 2006 WL 3098025, at *3–*4 (M.D. Pa. Oct. 30, 2006)) (alterations in original); see also Mitchell v. Luckenbill, 680 F. Supp. 672, 682 (M.D. Pa. 2010) ("Even where a plaintiff asks for monetary damages against a [state employee] in his individual capacit[y], sovereign immunity applies."). "Sovereign immunity applies to intentional and negligent torts." Mitchell, 680 F. Supp. at 682.

The plaintiffs' state law claims are malicious prosecution, abuse of process, and intentional infliction of emotional distress. Magnotta, as an agent of the state Bureau of Narcotics Investigation, is an employee of the state, and it is clear from the complaint that all of her relevant conduct was within the scope of her employment as an agent. In their complaint, the plaintiffs allege that Magnotta acted under color of state law. (Doc. 1 ¶ 6). She was contacted by a physician who related to her that a pharmacy had reported to him that several patients were filling prescriptions from the physician's office for Percocet, OxyContin, and Dilaudid, all Schedule II controlled substances. (Id. ¶ 7). The plaintiffs, Raymond and Steven Guziewicz, were among the several patients for whom these prescriptions were filled. (Id.). Raymond was a patient of the physician's practice, and

the physician suggested that Raymond may have stolen or counterfeited prescription forms. (Id. ¶ 8). Eleven months later, without further investigation, Magnotta followed-up with the pharmacy's owner and took custody of the questioned prescriptions. (Id. ¶ 9). As an agent of the Bureau of Narcotics Investigation, Magnotta applied for and received arrests warrants for both Raymond and Steven. (Id. ¶ 10). The related criminal complaint indicated that it had been approved by a county assistant district attorney, and the arrest warrants were thereafter issued by a state magisterial district judge. (Id. ¶¶ 11, 12). All of Magnotta's conduct clearly occurred within the scope of her duties as a state law enforcement officer. See Brautigam, 684 F. Supp. 2d at 593 ("[I]mmunity has been previously upheld for Commonwealth law enforcement officers by this court as well as by the courts of the state."); see also Shoop v. Dauphin County, 766 F. Supp. 1327, 1333–34 (M.D. Pa. 1991) (finding that state police officers were shielded by statutory sovereign immunity); Borosky v. Commonwealth, 406 A. 2d 256 (Pa. Commw. Ct. 1979) (upholding immunity against claim for alleged false arrest by state troopers).

None of the nine enumerated exceptions to statutory sovereign immunity applies to the facts alleged in this action. These exceptions include: (1) the operation of a motor vehicle in the control or possession of a Commonwealth party; (2) medical-professional liability against a Commonwealth party; (3) the care, custody, or control of personal property in the possession of a Commonwealth party; (4) Commonwealth-owned real property; (5) personal injury caused by potholes and other dangerous conditions caused by natural elements to highways under the jurisdiction of a Commonwealth agency; (6) the care, custody, or control of animals in the possession of a Commonwealth party; (7) certain state liquor store sales; (8) acts by members of the Pennsylvania National Guard; and (9) the manufacture or use of toxoids or vaccines under certain conditions. 42 Pa. Cons. Stat. Ann. § 8522(b).

Accordingly, because Magnotta was acting within the scope of her employment as a state law enforcement officer, we recommend that her motion to dismiss (Doc. 25) be granted and the plaintiffs' state law tort claims, set forth in Counts III through VI of the complaint, be dismissed with prejudice on the ground that the defendant is immune from suit under Pennsylvania state law.

      C.     <u>Leave to Amend</u>

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002). Based on the facts alleged in the complaint, it is clear that it would be futile to allow the plaintiffs leave to amend their state law tort claims.

IV.    <u>RECOMMENDATION</u>

Based upon the foregoing, it is RECOMMENDED that the motion to dismiss (Doc. 25) filed by the defendant be GRANTED and that the plaintiffs' state law tort claims asserted in Counts III-VI of the complaint be dismissed with prejudice pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

<u>*s/ Joseph F. Saporito, Jr.*</u>
**JOSEPH F. SAPORITO, JR.**
**U.S. Magistrate Judge**

**Dated: March 16, 2016**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF RAYMOND J. GUZIEWICZ, et al. | : <br> : <br> : CIVIL ACTION NO.: 3:14-cv-01742 |
| Plaintiffs, | : <br> : |
| v. | : (CAPUTO, J.) <br> : (SAPORITO, M.J.) |
| RENEE P. MAGNOTTA, | : <br> : |
| Defendant. | : |

NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated March 16, 2016.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute wavier of any appellate rights.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: March 16, 2016**