**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ESTATE OF RAYMOND J. GUZIEWICZ and STEVEN J. GUZIEWICZ, Individually and as the Administrator of the Estate of Raymond J. Guziewicz,<br><br>    Plaintiffs,<br><br>    v.<br><br>RENEE P. MAGNOTTA,<br><br>    Defendant. | CIVIL ACTION NO. 3:14-cv-01742<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE SAPORITO) |

**MEMORANDUM**

Presently before me is the Report & Recommendation of Magistrate Judge Saporito (Doc. 35) to Defendant's Motion to Dismiss (Doc. 25) Counts III-VI of Plaintiffs' Complaint (Doc. 1) for failing to state a claim upon which relief can be granted. Magistrate Judge Saporito found that the state law claims contained in Counts III-VI are barred by statutory sovereign immunity, and recommends that Defendant's Motion to Dismiss be granted and that Counts III-VI of the Complaint be dismissed with prejudice. However, because the Court finds that Defendant failed to demonstrate that she is entitled to statutory sovereign immunity at this time, the Report & Recommendation will be adopted in part and rejected in part.

**I. Background**

The facts as stated in Plaintiffs' Complaint can be briefly summarized as follows:

On January 27, 2012, arrest warrants were issued for Raymond J. Guziewicz ("Raymond") and his son Steven J. Guziewicz ("Steven") at the request of Defendant Renee Magnotta, an agent of the Office of the Attorney General of Pennsylvania assigned to the Bureau of Narcotics Investigation ("Magnotta"). (Pls.' Compl. ¶ 10, Doc. 1.) Magnotta sought to arrest Raymond ostensibly for his involvement with illegal prescription drugs. (*See*

*id.* ¶ 7.) Magnotta's application for Raymond's arrest warrant intentionally omitted and misstated facts in order to induce the magistrate into concluding probable cause existed.[1] (*Id.* ¶ 10-14.) Additionally, Magnotta first sought this arrest warrant over eleventh months after she completed her investigation into the prescription drug activities that Raymond was allegedly involved in. (*Id.* ¶¶ 10, 21.) Probable cause for arrest did, however, exist with respect to Steven. (*See, e.g.*, Pls.' Obj. 11, Doc. 44) (admitting probable cause existed with respect to Steven's arrest).

On January 31, 2012, Raymond was arrested by the Scranton police department pursuant to the Magnotta warrant and charged with fifty-two (52) felonies and twenty-six (26) misdemeanors under the Pennsylvania Crimes Code and Pennsylvania Controlled Substances, Drugs, Device, and Cosmetic Act. (Pls.' Compl. ¶ 18, Doc. 1.) On September 6, 2012, the Commonwealth moved *sua sponte* to *nolle prosse* all seventy-eight charges against Raymond due to a lack of probable cause for his arrest, and its motion was granted on that date.[2] (*Id.*) Neither the assistant district attorney nor the public defender assigned to Raymond's case informed Raymond that the charges against him had been dropped. (*Id.* ¶¶ 19, 22.) Raymond died on March 18, 2013, without knowing that the charges against him had been dropped six months prior. (*Id.* ¶ 19.)

Steven spent eighteen months in prison and was sentenced to time served on December 18, 2013, after pleading guilty to one felony count of acquiring a controlled substance. (*Id.* ¶ 22.) Steven is the administrator of Raymond's estate and brings this action

---

[1] Defendant has accepted Plaintiffs version of the facts as pled in the Complaint. (Def.'s Br. in Supp. 2, Doc. 26.)

[2] On August 17, 2005, Raymond was arrested by Magnota and charged with four felony counts of acquiring a controlled substance and four counts of conspiracy. All eight charges were also *nolle prossed* by the Commonwealth on December 14, 2005, for a lack of probable cause for his arrest. (Pls.' Compl. ¶ 23.)

in both his personal capacity and in his role as administrator of the estate. (*Id.* ¶ 4.)

## II. Legal Standard

### A. Reviewing a Report & Recommendation

Where objections to the Magistrate Judge's Report are filed, the court must conduct a *de novo* review of the contested portions of the Report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)). However, this only applies to the extent that a party's objections are both timely and specific; if objections are merely "general in nature," the court "need not conduct a *de novo* determination." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984). Indeed, the Third Circuit has instructed that "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Id.* at 7. In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa.1993).

Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the Report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa.1998). Therefore, the Court reviews the portions of the Report & Recommendation to which the petitioner objects specifically *de novo*. The remainder of the Report & Recommendation, and any portion the petitioner objects to generally, is reviewed for clear error.

3

**B. 12(b)(6) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts:  (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently

4

alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar. Corp.*, 998 F.2d at 1196. The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

### III. Discussion

On March 16, 2016, Magistrate Judge Saporito issued the instant Report & Recommendation ("R&R"), recommending that Defendant's Motion to Dismiss be granted because Plaintiffs' state law claims were barred by Pennsylvania statutory sovereign immunity. (R&R 9, Doc. 35.) After reviewing the specific objections to the

Report *de novo*, the Court will adopt in part and reject in part the R&R. The Court will deny Defendant's Motion to Dismiss with respect to Counts III, IV, and V. The Court will grant Defendant's Motion to Dismiss with respect to Count VI.

**A. Sovereign Immunity**

The Magistrate Judge correctly found that Eleventh Amendment sovereign immunity did not bar Plaintiffs' state law claims because Plaintiffs sued Magnotta in her individual capacity. *See Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985). The Magistrate Judge also concluded that statutory sovereign immunity barred Plaintiffs' state law claims as a matter of law. There is authority to the contrary.

Statutory sovereign immunity bars suits against "Commonwealth employees in both their official and individual capacities, so long as the employees are acting with[in] the scope of their duties." *Brautigam v. Farley*, 684 F. Supp. 2d 589, 593 (M.D. Pa. 2010) (internal citations omitted); *see also* 1 Pa. Cons. Stat. Ann. § 2310 ("[T]he Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."). "Under Pennsylvania law, an action falls within the scope of employment if it: (1) is the kind that the employee is employed to perform; (2) occurs substantially within the job's authorized time and space limits; (3) is motivated at least in part by a desire to serve the employer; and (4) if force was used by the employee against another, the use of force is not unexpectable by the employer." *Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010). Thus, if a Commonwealth employee is acting within the scope of her employment when she commits a tort, she is not amendable to suit unless one of the nine enumerated exceptions to the statutory grant of sovereign immunity applies. *See* 42 Pa. Cons. Stat. Ann. § 8522(b). This is true whether the tort is committed negligently or intentionally. *See Mitchell*, 680 F. Supp. 2d at 682 ("[W]illful misconduct does not vitiate a Commonwealth employee's immunity if the employee is acting within the scope of his

employment. . . .").

It is uncontested that none of the nine enumerated exceptions to the statutory grant of sovereign immunity apply. However, the Court finds that Plaintiffs have alleged a sufficient set of facts to raise a plausible allegation that Magnotta was not acting within the scope of her employment when she investigated and arrested Raymond. Specifically, Plaintiffs have articulated a plausible showing that Magnotta "knowingly or purposefully made an arrest without probable cause." *Perkins v. Staskiewicz*, 2009 WL 693176, at *4 (M.D. Pa. Mar. 13, 2009). As courts in this Circuit have properly concluded, if an officer makes an arrest knowing that she lacks the requisite probable cause, "it takes conduct that would have been within the scope of [her] employment as a police officer–investigating complaints and making arrests–outside the scope of employment because it no longer serves the interests of the employer." *Id.*; *see Johnson v. City of Phila.*, 2013 WL 4014565, at *6-*7 (E.D. Pa. Aug. 7, 2013) (holding that a complaint alleging that an officer purposefully sought an erroneous arrest warrant could not be dismissed on statutory sovereign immunity grounds because such purposeful actions would take the officer's "conduct outside the scope of his employment, as the Commonwealth has no interest in arresting citizens on erroneous warrants"); *see also Zion v. Nassan*, 283 F.R.D. 247, 266-67 (W.D. Pa. 2012) (concluding that an intentional tort "committed by an employee upon another person for personal reasons or in an outrageous manner is not actuated by an intent to perform the business of the employer and, as such, is not within the scope of employment") (quoting *Costa v. Roxborough Mem'l Hosp.*, 708 A.2d 490, 493 (Pa. Super. Ct. 1998)); *cf. Spiker v. Allegheny Cty. Bd. of Prob. & Parole*, 920 F. Supp. 2d 580, 611-12 (W.D. Pa. 2013) (distinguishing the case at hand from *Perkins* because, in the present case, plaintiff "failed to set forth factual allegations sufficient for a reasonable inference to be drawn that [defendant officer] actually knew there was no probable cause to arrest [plaintiff] for violating his probation"); *Perkins*, 2009 WL 693176, at *4 (distinguishing other cases wherein statutory sovereign immunity shielded officers who effectuated arrests without probable

cause on the ground that those officers were not alleged to have "knowingly or purposefully" made an arrest without probable cause). Accordingly, when an officer knowingly or purposefully effectuates an arrest without probable cause it cannot be fairly said that such an action is motivated by a desire to serve the employer because the Commonwealth has no interest in unlawfully arresting its citizens. *See Perkins*, 2009 WL 693176, at *4; *Johnson*, 2013 WL 4014565, at *7. Such conduct is therefore outside the scope of the officer's employment.

Plaintiffs allege a series of uncontested facts which plausibly state that Magnotta pursued an arrest warrant for Raymond despite knowing probable cause did not exist. (*See* Pls.' Compl. ¶¶ 13-14.)  Specifically, Plaintiffs allege, *inter alia*: (1) Magnotta intentionally included a false statement in her application that Sam Sebastianelli, co-owner of the pharmacy where the alleged illegal activities occurred, had identified Raymond as one of the individuals who presented suspect prescriptions to be filled at the pharmacy. However, it was subsequently demonstrated that Sebastianelli could not cite to one specific instance where Raymond presented any of the suspect prescriptions at his pharmacy. (*Id.* ¶ 14.) (2) Magnotta intentionally omitted exculpatory facts from her affidavit. Such intentional omissions included the fact that Raymond had been a customer of the pharmacy for multiple years (rather than just for a few months, as the affidavit alleged), that Raymond had presented multiple valid prescriptions for controlled substances over many years at this pharmacy, and more specifically, that Raymond had previously presented valid Percocet and Oxycontin prescriptions at the pharmacy.[3] (*Id.* ¶ 13.) (3) Despite concluding this investigation on February 23, 2011, Magnotta did not pursue an arrest warrant until January 27, 2012, over eleven months from the date the investigation concluded. There is no explanation for this delay. (*Id.* ¶ 21.)

"Courts in this district do not presume that 'immunity is automatically warranted' in

---

[3] Magnotta was investigating suspect prescriptions for Percocet, Oxycontin, and Dilaudid. (Pls.' Compl. ¶ 7, Doc. 1.)

8

every circumstance for every Commonwealth employee." *Mobley v. Lantz*, 2014 WL 3810119, at *23 (M.D. Pa. July 31, 2014) (quoting *Shipman v. Gelso*, 2011 WL 5554252, at *5 (M.D.Pa. Nov.15, 2011)). As such, "[a] court may deny a motion to dismiss on the basis of state sovereign immunity where it is unclear from the facts of the case whether the Commonwealth employees were actually acting within the scope of their employment." *Id.* Accordingly, because the Court finds that Plaintiffs have plausibly alleged a series of facts that could take Magnotta's actions outside the scope of her employment as a state narcotics agent, Defendant's Motion to Dismiss Counts III-V of Plaintiffs' Complaint as barred by statutory sovereign immunity will be denied. The Court will be in a better position to consider Defendant's defense of sovereign immunity when the record is more fully developed. Defendant remains free to raise this defense in a motion for summary judgment or at trial.

**B. Count VI of the Complaint**

Plaintiffs Brief objecting to the R&R did not object to Magistrate Judge Saporito's finding that Count VI of the Complaint should be dismissed with prejudice as barred by statutory sovereign immunity.[4] (*See* Pls.' Obj. 11, Doc. 44.) The Court reviews uncontested portions of a magistrate judge's R&R for clear error or manifest injustice. *See Goney v. Clark*, 749 F.2d 5, 7 (3d Cir.1984); *Garcia v. INS*, 733 F. Supp. 1554, 1555 (M.D. Pa. 1990). Applying this standard of review, the Court cannot find that the Magistrate Judge's conclusion to dismiss Count VI was made in clear error. Whereas the state law claims contained in Counts III-V concern alleged harms sustained by Raymond, the claim of intentional infliction of emotional distress contained in Count VI concerns an alleged harm suffered by Steven. (Pls.' Compl ¶ 32, Doc. 1.) The Complaint fails to sufficiently allege that Magnotta sought Steven's arrest knowing probable cause

---

[4] In fact, in Plaintiffs' Brief in Objection to the R&R, Steven contended that this claim should be dismissed with prejudice. (*See* Pls.' Obj. 11, Doc. 44.)

was lacking. Although there might be an argument that Steven's complained-of emotional harm was caused by the same "knowing and purposeful" actions of Magnotta that prevent this Court from presently concluding that she was acting within the scope of her employment, the Court nevertheless finds that the Magistrate Judge's conclusion with respect to Count VI was not a clear error of law. Accordingly, the Court adopts this portion of the R&R. Defendant's Motion to Dismiss Count VI of Plaintiffs' Complaint will be granted.

## IV. Conclusion

For the above stated reasons, the Court adopts in part and rejects in part Magistrate Judge Saporito's R&R. Defendant's Motion to Dismiss Counts III-VI of Plaintiffs' Complaint will be DENIED with respect to Counts III, IV, and V, and will be GRANTED with respect to Count VI.

An appropriate order follows.

| | |
|---|---|
| September 30, 2016 <br> Date | /s/ A. Richard Caputo <br> A. Richard Caputo <br> United States District Judge |