UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF RAYMOND J. GUZIEWICZ, et al. | : : | |
| | : | CIVIL ACTION NO.: 3:14-cv-01742 |
| Plaintiffs, | : | |
| | : | |
| v. | : | (CAPUTO, J.) |
| | : | (SAPORITO, M.J.) |
| RENEE P. MAGNOTTA, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

This civil action was initiated by the filing of a *pro se* complaint against the defendant, Renee P. Magnotta ("Magnotta"), on September 8, 2014. (Doc. 1). The two named plaintiffs in the complaint are (a) the Estate of Raymond J. Guziewicz (the "Estate") and (b) his son, Steven J. Guziewicz, appearing both individually and in his role as administrator for the Estate.  Steven Guziewicz has asserted federal civil rights claims under U.S.C. §1983 and state law tort claims  for malicious prosecution and abuse of process on behalf of the decedent, Raymond J. Guziewicz. On his own behalf, Steven Guziewicz has asserted a single state law tort claim for intentional infliction of emotional distress which was dismissed by the court on September 20, 2016. (Doc. 47).

Before the court is the plaintiffs' motion to amend the complaint (Doc. 30). Attached to the motion is the proposed amended complaint. (Doc. 30-1). In the proposed amended complaint, the plaintiffs seek to add Jerome Smith as a defendant. The amended complaint alleges that Mr. Smith was defendant Magnotta's immediate supervisor. The motion is fully briefed and ripe for disposition. (Docs. 26, 27).

I.   BACKGROUND

According to the complaint, on January 27, 2012, arrest warrants were issued for Raymond J. Guziewicz ("Raymond") and Steven J. Guziewicz ("Steven") at the request of Magnotta, an agent of the Office of the Attorney General of Pennsylvania assigned to the Bureau of Narcotics Investigation. (Doc. 1 ¶¶ 5,10). Magnotta is sued in her individual capacity. (Id. ¶6). On January 31, 2012, Raymond was arrested by the Scranton City Police Department on the authority of the arrest warrant. He was charged with fifty-two felonies and twenty-six misdemeanors under the Pennsylvania Crimes Code and Drug, Device, and Cosmetic Act. Raymond was incarcerated for four days until he posted bail on February 3, 2012. On September 6, 2012, all of the charges against Raymond were

2

dismissed by the Commonwealth of Pennsylvania because his arrest lacked probable cause. (Id. ¶18).

Steven spent eighteen months in prison and was sentenced to time served on December 18, 2013, after pleading guilty to one felony count of acquiring a controlled substance. (Id. ¶22). Steven alleged that he was forced to plead guilty after three potential alibi witnesses had died before Steven's trial date of September 23, 2013. (Id.). In addition, it is alleged that Magnotta had a pattern of arresting Raymond and Steven since 2005 in order to extract guilty pleas from Steven notwithstanding a lack of probable cause to support the charges against Raymond. (Id. ¶¶ 23-24).

Steven is the administrator of Raymond's estate and brings this action in both his individual capacity and in his role as administrator of the estate.

The plaintiffs move to amend the complaint on the basis that the proposed defendant, Jerome Smith, was Magnotta's immediate supervisor at or near the events giving rise to the action and he knew or should have known of Magnotta's propensity for filing criminal charges which were not supported by probable cause.

3

Also, before us for disposition is the plaintiffs' motion to stay proceedings (Doc. 37) and motion to clarify (Doc. 49). For the reasons stated herein we will grant the motion to amend, and deny, as moot, the motions to stay proceedings and to clarify.

II.    Legal Standards:

Federal Rule of Civil Procedure 15(a) sets out the standard for granting leave to amend a complaint when, as is the case here, a responsive pleading has been served: "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule clearly states that "[t]he court should freely give leave when justice so requires." Id. Nonetheless, the policy favoring liberal amendments is not "unbounded." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990). The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962); Waterfront Renaissance Assoc. v. Philadelphia, 701 F. Supp. 2d 633, 639 (E.D. Pa. 2010). A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith,

4

or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (citing Foman, 371 U.S. at 182). The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay.  Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). In fact, delay alone is an insufficient ground to deny leave to amend. Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n., 573 F.2d 820, 823 (3d Cir. 1978).   However, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams, 739 F.2d at 868.  Delay may become undue when a movant has had previous opportunities to amend a complaint. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (three-year lapse between filing of complaint and proposed amendment was "unreasonable" delay where plaintiff had "numerous opportunities" to amend); see also Rolo v. City Investing Co. Liquidating Tr., 155 F.3d 644, 654–55 (3d Cir. 1998) (rejecting proposed second amended complaint where plaintiffs were repleading facts that could have been pled earlier).  Here, we find no

5

undue delay on the part of Steven.

III.    Discussion:

        A.    Motion to Amend Complaint

        Magnotta opposes the motion to amend the complaint contending

that we should prevent the amendment from relating back to the date the

original complaint was filed because the statute of limitations has expired.

(Doc. 33, at 4). The pertinent provision which refers to the relation-back

of amendments is set out in Fed. R. Civ. P. 15(c) as follows:

        (c)    **Relation Back of Amendments.**

                (1)    **When Amendment Relates Back.** An
                        amendment to a pleading relates back to the date
                        of the original pleading when:

                        (A)    the law that provides the applicable statute
                                of limitations allows relation back;

                        (B)    the amendment asserts a claim or defense
                                that arose out of the conduct, transaction, or
                                occurrence set out—or attempted to be set
                                out—in the original pleading; or

                        (C)    the amendment changes the party or the
                                naming of the party against whom a claim is
                                asserted, if Rule 15(c)(1)(B) is satisfied and if,
                                within the period provided by Rule 4(m) for
                                serving the summons and complaint, the
                                party to be brought in by amendment:

                                                6

                    (i)    received such notice of the action that it
                           will not be prejudiced in defending on
                           the merits; and

                    (ii)   knew or should have known that the
                           action would have been brought against
                           it, but for a mistake concerning the
                           proper party's identity.

Fed. R. Civ. P. 15(c).

     The issue in the case is whether the plaintiffs can use Rule 15(c) to

the proposed amended complaint, adding Jerome Smith as a defendant,

relate back to September 8, 2014, the date which the original complaint

was filed.   Courts interpret Rule 15(c) as imposing certain conditions, all

of which must be met for a successful relation back of an amended

complaint that seeks to add a newly named defendant.   Singletary v.

Pennsylvania Dep't of Corr., 266 F.3d 186 (3d Cir. 2001).  For a court to

grant an amendment adding a defendant that relates back to the original

complaint, the party seeking to amend must meet all of the following

requirements:  (1)  The claim or defense asserted by amendment must

arise out of the conduct, transaction, or occurrence set out in the original

pleading; (2) the new party named in the amended pleading must have

                                    7

received such notice of the action that it will not be prejudiced; (3) the new party either knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity; and (4) the notice and knowledge factors must be satisfied within the 120-day period provided for service of the original complaint. Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003).

The claims set forth in the motion to amend arose out of the conduct set forth in the complaint which satisfies the first prong of the criteria.

The resolution of the motion to amend requires an analysis of factors two, and three—the notice/prejudice components of Rule 15(c)(1)(C). The plaintiffs assert in their motion and supporting brief that the proposed defendant, Jerome Smith, was Magnotta's immediate supervisor, that the plaintiffs were unable to determine the identity of the supervising agent before filing the complaint, and that they exercised due diligence thereafter to acquire that information. (Doc. 30 ¶13). In the proposed amended complaint, the plaintiffs aver that Smith was Magnotta's supervisor at the time she completed her investigation against Raymond and at the time she filed criminal charges against them on January 27,

2012. (Doc. 30-1 ¶22). The plaintiffs, further allege therein that: (1) Smith was aware of a 2010 federal civil action filed against Magnotta alleging she filed numerous unfounded criminal charges against another individual (id.); (2) Smith knew or should have known of the eleven-month delay in the filing of charges against Raymond after the investigation was completed (id. ¶ 23); (3) Smith acquiesced in the unduly delayed charges and was aware that there was no evidence to support the charges against Raymond (id. ¶¶ 22, 23); and (4) Smith took no action to prevent the charges from being filed despite his knowledge that probable cause did not exist (id. ¶ 25).

The final element of Rule 15(c)(1)(C) requires a plaintiff to show that within 120 days of filing the original complaint, the newly added defendant knew or should have known that the present action would have been brought against him but for a mistake regarding his identity.[1] Here, Magnotta argues that the plaintiffs' amendment should not relate back to the date the complaint was filed because there is no basis to conclude that

---

[1] By order dated June 23, 2015, we deemed the complaint properly filed on that date (Doc. 29) despite that it was originally filed on September 8, 2014. (Doc. 1).

9

the proposed defendant knew or should have known that the plaintiffs'
action should have been brought against him. With regard to this
element, the Supreme Court has recently held that the starting inquiry
focuses on whether the newly-added party knew or should have known
that, absent some mistake, the lawsuit would have been brought against
him or her. Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 541 (2010)
("We hold that relation back under Rule 15(c)(1)(C) depends on what the
party to be added knew or should have known, not on the amending
party's knowledge or its timeliness in seeking to amend the pleading.");
see also Siciliano v. City of Philadelphia, No. 09–5270, 2010 WL 3069611,
at *2 (E.D. Pa. Aug. 2, 2010) ("In evaluating the notice requirements, the
focus is on what the defendant to be added knew or should have known,
not what the plaintiffs knew or when they took action to move to amend.
The knowledge of the amending party is not a factor in a Rule 15(c)(1)(C)
analysis.") (citation omitted). Specifically, the Supreme Court stated that
under Rule 15(c)(1)(C)(ii), it is not whether the plaintiff knew or should
have known the identity of the newly-added party as the proper
defendant, but whether the prospective defendant knew or should have

10

known that it would have been named as a defendant but for an error in identity. Krupski, 560 U.S. at 548.

However, "[i]nformation in the plaintiff's possession is relevant . . . if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity" as opposed to a fully informed decision to sue one party instead of another "while fully understanding the factual and legal differences between the two parties." Id. at 548. The latter would be "the antithesis of making a mistake concerning the proper party's identity." Id. Moreover, a plaintiff's knowledge of a party's existence does not necessarily "preclude her from making a mistake with respect to that party's identity." Id.

> A plaintiff might know that the prospective
> defendant exists but nonetheless harbor a
> misunderstanding about his status or role in the
> events giving rise to the claim at issue, and she
> may mistakenly choose to sue a different defendant
> based on that misimpression. That kind of
> deliberate but mistaken choice does not foreclose a
> finding that Rule 15(c)(1)(C)(ii) has been satisfied.

Id. at 549. However, "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed

11

decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." Id. at 552.

Here, service of the original summons and complaint were waived by counsel for Magnotta on December 11, 2014.  Magnotta did not timely file an answer to the complaint. Rather, the time to file an answer or Rule 12 motion was extended on at least four occasions. (Docs. 12, 14, 15, 19). In the instant motion, the plaintiffs alleged that they made three attempts to ascertain the identity of Magnotta's supervisor through the Right to Know Office of the Pennsylvania Attorney General's Office. (Docs. 30 ¶¶ 3-4). According to the motion, all of those attempts were denied. (Id. ¶ 4). They acquired Smith's name after serving an interrogatory under Fed. R. Civ. P. 33 on December 10, 2015. (Id. ¶ 7). Shortly thereafter, they filed the instant motion to amend.  Although there is no evidence that the proposed defendant had actual knowledge of the pendency of the action against Magnotta, in the Third Circuit, notice may be actual or constructive. Singletary, 266 F.3d at 195. Constructive notice may be given through either the "shared attorney" method or the "identity of interest" method.  Garvin, 354 F.3d at 222-23; see also Taliferro v.

Costello, 467 F. Supp. 33, 35 (E.D. Pa. 1979) (constructive notice is sufficient).

The proposed amended complaint alleges that Smith was the supervising agent of Magnotta and based upon that relationship, he knew or should have known of this action at or near the time it was filed. As Smith did not have actual notice of the complaint, the plaintiffs can only prevail on his motion if they can successfully assert that notice of the action was imputed to Smith. One way to impute notice is through the "identity of interest" theory. The plaintiffs do not substantially develop Smith's identity of interest argument, but as they are pro se, we will construe their motion and supporting brief to advance the identity of interest method of imputing notice as they have sufficiently identified Smith as Magnotta's supervisor. See generally Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-46 (3d Cir. 2013) (discussing a court's obligation to liberally construe pro se pleadings and other submissions).

The "identity of interest" method of imputing Rule 15(c)(3) notice to a newly named party generally means that the parties are "so closely related in their business operations or other activities that the institution

13

of an action against one serves to provide notice of the litigation to the other." Singletary, 266 F. 3d at 197. In Schiavone v. Fortune, 477 U.S. 21 (1986), the Supreme Court approved the identity of interest method of imputing notice for Rule 15(c)(3) when it stated: "Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party." Id. at 29. In Singletary, the Third Circuit observed that district courts within this Circuit have interpreted this passage to mean that the Supreme Court has accepted the identity of interest notice method. Singletary, 266 F.3d at 198. Thus, the relevant issue is whether Smith has a sufficient identity of interest with Magnotta, the originally named defendant to impute the notice that Magnotta received to Smith. The question before us is, therefore, whether an employee in Magnotta's position (narcotics agent of the Pennsylvania Office of Attorney General) is so closely related to Smith as her supervisor for the purposes of this type of litigation that these two parties have a sufficient identity of interest so that the institution of litigation against Magnotta as a narcotics agent serves to provide notice of the litigation to

14

Smith, the supervisor.

As Steven has alleged in the proposed amended complaint, Smith was Magnotta's direct supervisor, and as such, we find a sufficient nexus of interest to impute notice to Smith for Rule 15(c)(1)(c) purposes. See Robinson v. Adams, Civil Action No. 09-3587, 2010 WL 3069647, at *3 (E.D. Pa. Aug. 4, 2010) (proposed defendant shared identity of interests with original defendants when he supervised and with whom he worked closely); see also Culbreth v. Corll, Civil Action No. 09-04277, 2010 WL 4178489, at *3 (E.D. Pa. Oct. 22, 2010) (police officers who worked closely as partners shared identity of interests); Ward v. Taylor, 250 F.R.D. 165, 169 (D. Del. 2008) (corrections supervisor shared identity of interests with other administrative and supervisory defendants).

We find that Smith is not prejudiced by being added as a defendant and his defense will likely mirror Magnotta's defense and thus prejudice from relation back is unlikely to occur. We find that based upon the state of the record, the plaintiffs may not have known the true status of the proposed added defendant at the time they filed their original complaint. Therefore, the plaintiffs' claims against Smith properly relate back to the

15

original complaint under Rule 15(c)(1)(c).

B.   Motion to Stay Proceedings and to Clarify

In light of our decision that the plaintiffs' motion to amend the complaint be granted, the plaintiffs' remaining motions to stay proceedings (Doc. 37) and to clarify (Doc. 49) will be denied as moot.

An appropriate order will follow.

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: January 25, 2017

16